*In re* JORGE L. IZQUIERDO, querellado.

Número: AB-89-4          Resuelto: 30 de abril de 1990

*Norma Cotti Cruz, Subprocuradora General,* y *José Roberto Vega Díaz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Nuevamente ejercemos nuestra jurisdicción disciplinaria con un abogado que en repetidas ocasiones ha incumplido los requerimientos de este Tribunal en investigaciones originadas por quejas de sus clientes por los servicios profesionales rendidos. En este caso particular, su craso incumplimiento con nuestras resoluciones constituye una falta de respeto a los procedimientos de este Tribunal. Procede su suspensión indefinida del ejercicio de la abogacía.

I

En mayo de 1988 el Procurador General de Puerto Rico nos informó que el Lic. Jorge L. Izquierdo no había contestado sus comunicaciones sobre la queja presentada por la Sra. Wanda J. Camacho Botet. Mediante Resolución de 9 de junio de 1988 y bajo apercibimiento de sanciones disciplinarias concedimos al abogado un término de treinta (30) días para contestar los requerimientos del Procurador General. Transcurrido este término, concedimos otra oportunidad al abogado y en esa ocasión le advertimos que su incumplimiento conllevaría la suspensión automática de la abogacía.

El 26 de septiembre de 1988 el licenciado Izquierdo compareció y expuso que no había contestado las cartas del Procurador General "por razón de que no las había recibido". Oportunamente instruimos al Procurador General que le remitiera copia de su informe con los documentos relacionados con la queja que originó su investigación.

Después de unos incidentes adicionales, el 16 de marzo de 1989 el Procurador General compareció nuevamente para exponer que el abogado tampoco había contestado sus requerimientos

referentes a las quejas presentadas por la Sra. María del Pilar Aostri y el Sr. Andrés Ramos Acosta. Nuevamente, mediante Resolución de 31 de marzo de 1989, concedimos término al abogado para que compareciera ante el Procurador General para contestar todas las quejas pendientes y una vez más se le apercibió que su incumplimiento conllevaría sanciones disciplinarias. Expirado el término concedido y transcurrido un período adicional, todavía no se ha recibido su contestación.

Simultáneamente, durante esos meses el abogado fue notificado por la Oficina del Director de Inspección de Notarías de deficiencias en su función notarial y fue requerido por este Tribunal que corrigiera los problemas y mostrara causa por la cual no debíamos disciplinarlo por las violaciones en que incurrió.

En vista de su incumplimiento con estas resoluciones del Tribunal, el 17 de agosto de 1989 lo separamos indefinidamente del ejercicio de la notaría, y el 24 de agosto de 1989 lo suspendimos provisionalmente de la abogacía "hasta tanto acredite su disposición de cumplir y afrontar el trámite referente a las quejas sin ulteriores dilaciones innecesarias". *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984). También le ordenamos que entregara inmediatamente sus dos (2) registros de *affidavit* y que rindiera los índices notariales vencidos desde el 16 de noviembre de 1986.

Posteriormente, el Procurador General informó que el querellado no había contestado una queja presentada en su contra por la Sra. Emily E. Torres Rodríguez. Mediante Resolución de 14 de septiembre de 1989, concedimos quince (15) días para contestar y le apercibimos "que considerando sus antecedentes profesionales[,] su incumplimiento con los términos de esta resolución conllevará su suspensión indefinida del ejercicio de la profesión". Hasta el presente ha ignorado este requerimiento. Procedemos a resolver según lo intimado.

II

Recordemos que la naturaleza de la función de abogado exige una estricta observancia de las resoluciones de este Tribu-

nal, no solamente durante la litigación de los casos sino también en la jurisdicción disciplinaria. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal y de la Oficina del Procurador General respecto a una queja presentada en su contra que esté bajo investigación. *In re Pagán Ayala*, 115 D.P.R. 814 (1984).

Independientemente de los méritos de las quejas presentadas en contra de un abogado, él tiene la obligación ineludible de responder prontamente a los requerimientos de este Tribunal. Consideramos que "[l]a indebida, irrazonable e inexcusable tardanza del querellado en formular su contestación a la querella es indicativa de una falta de respeto hacia los procedimientos del Tribunal". *In re Díaz García*, 104 D.P.R. 171, 174 (1975). La naturaleza y la importancia de sus funciones reclaman del abogado una observancia estricta de las órdenes de los tribunales, y la voluntaria desatención de este tipo de comunicación socava nuestra función reguladora de la profesión.

En estas circunstancias, considerando su historial previo en la función dual de abogado y notario, en ausencia de excusa válida oportuna, *procede su suspensión indefinida de la abogacía.*

El Juez Presidente Señor Pons Núñez se inhibió. El Juez Asociado Señor Ortiz no intervino.