EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Gilberto Cuevas Vélez | 2002 TSPR 108<br><br>157 DPR \_\_\_\_ |


Número del Caso: AB-2001-0027


Fecha: 30 de mayo de 2002


Oficina de Inspección de Notarías:
                    Lcda. Carmen H. Carlo
                    Directora


Abogado de la Parte Querellada:
                    Lcdo. Gilberto Cuevas Vélez


Materia: Conducta Profesional
        (La suspensión  es efectiva  a partir del 6 de junio de 2002
        fecha en que se le notificó al abogado de su suspensión inmediata)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gilberto Cuevas Vélez

AB-2001-27

PER CURIAM

San Juan, Puerto Rico, a 30 de mayo de 2002

El 9 de febrero de 2001, el señor Primitivo Maldonado de León presentó una queja, debidamente juramentada, ante la Secretaría de este Tribunal contra el abogado Gilberto Cuevas Vélez. En la misma, en síntesis y en lo pertinente, expuso el quejoso que el referido abogado había sido contratado para otorgar unas escrituras de compraventa, que éste había recibido una suma del dinero que le correspondía a varios de los otorgantes, y que, hasta el momento, no le había devuelto parte de ese dinero.

El 29 de marzo de 2001, le referimos el asunto a la Directora de la Oficina de Inspección de Notarías para la investigación e informe correspondiente. Luego de analizar las versiones, tanto del Sr. Maldonado de

León como del Lcdo. Cuevas Vélez, la Lcda. Carmen H. Carlos rindió su informe el día 19 de octubre de 2001. En el mismo nos informa, en síntesis, que en relación con el negocio jurídico llevado a cabo por el referido abogado notario, éste "...hizo constar hechos no veraces en una escritura pública y aun cuando no mediara [de su parte] intención de faltar a la verdad, ...., hay que concluir necesariamente que faltó a su deber como custodio de la fe pública, violando así la Ley Notarial y los Cánones de Etica Profesional". Por otro lado, expresa la Directora que no deja de ser preocupante que, aparentemente, el referido notario desde el año 1994 ha retenido una cantidad de dinero en su poder, perteneciente a los contratantes, la cual calcula no debe exceder de $3,000.00, conducta profesional que califica como cuestionable.

El 8 de noviembre de 2001, mediante Resolución a esos efectos, le concedimos término al Lcdo. Cuevas Vélez para que se expresara sobre el referido Informe de la Directora de Inspección de Notarías. No compareció. En vista a ello, el Tribunal, *motu proprio*, emitió una segunda Resolución, el 22 de febrero de 2002, concediéndole un nuevo término de treinta (30) días al mencionado abogado. Le apercibimos que el incumplimiento con la Resolución podría representarle la imposición de sanciones sin ulteriores procedimientos. No ha comparecido.

I

Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re: Ríos Acosta, 143 D.P.R. 128 (1997).

Por otro lado, reiteradamente hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a los requerimientos de este Tribunal. In re: Rodríguez Mena, 126 D.P.R. 202 (1990).

Por último, debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Etica Profesional, en lo relativo a la exigencia de respeto hacia los tribunales. In re: Salichs Martínez, 131 D.P.R. 481 (1992).

**Habiendo hecho caso omiso el abogado a las órdenes de este Tribunal, y por los fundamentos antes expresados, procede decretar la separación, inmediata e indefinida, de Gilberto Cuevas Vélez del ejercicio de la abogacía, y de la notaría, en Puerto Rico.**

Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando

también al Procurador General.

**La Oficina del Alguacil de este Tribunal procederá, <u>de inmediato</u>, a incautarse de la obra y sello notarial del abogado Cuevas Vélez, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.**

**Se dictará Sentencia de conformidad.**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gilberto Cuevas Vélez                    AB-2001-27

SENTENCIA

San Juan, Puerto Rico, a 30 de mayo de 2002

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación, inmediata e indefinida, del ejercicio de la abogacía y de la notaría en Puerto Rico de Gilberto Cuevas Vélez, a partir de la notificación de la presente Opinión y hasta tanto otra cosa disponga este Tribunal. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de Gilberto Cuevas Vélez, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García, la Juez Asociada señora Naveira de Rodón y el Juez Asociado señor Fuster Berlingeri no intervinieron.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo