EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2005 TSPR 198 |
| Teddy Rodríguez Pérez | 166 DPR _____ |

Número del Caso: AB-2002-65

Fecha: 14 de diciembre de 2005

Abogado del Querellado:

                    Por Derecho Propio

Oficina del Procurador General:

                    Lcda. Edna E. Rodríguez Benítez
                    Procuradora General Auxiliar

Materia: Conducta Profesional
     (La suspensión será efectiva el 19 de diciembre de 2005
     fecha en que se le notificó al abogado de su suspensión
     inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Teddy Rodríguez Pérez                    AB-2002-65


PER CURIAM

San Juan, Puerto Rico, a 14 de diciembre de 2005


El señor Rafael Martínez Massanet se querelló, ante la Oficina del Procurador General de Puerto Rico, contra el abogado Teddy Rodríguez Pérez; ello en relación con la representación legal de parte de este abogado en una apelación que él interpuso ante la Junta de Apelaciones del Sistema de Administración de Personal contra una decisión del Superintendente de la Policía de Puerto Rico, expulsándolo de dicha agencia gubernamental.

Rodríguez Pérez, originalmente, contestó la queja, negando las alegaciones de Martínez Massanet. Posteriormente, la Oficina del Procurador General requirió cierta información, necesaria para la correcta solución de la queja contra Rodríguez

Pérez. Éste no contestó los requerimientos que, a esos efectos, le hiciera dicha Oficina.

En vista a ello, el Procurador General compareció ante este Tribunal —mediante Informe Preliminar de fecha 1 de octubre de 2002— en solicitud de que le ordenáramos a Rodríguez Pérez cumplir con lo requerido. Mediante Resolución, de 22 de octubre de 2002, instruimos al Lcdo. Rodríguez Pérez para que así lo hiciera[1]. Desde ese entonces, y a pesar de las varias Resoluciones que hemos emitido a esos efectos, hemos estado, pacientemente, en espera del cumplimiento, y la comparecencia, de Rodríguez Pérez[2]. Debe enfatizarse el hecho de que la última de estas Resoluciones —la del 24 de junio de 2005— le fue notificada, personalmente, a Rodríguez Pérez por un alguacil de este Tribunal el 7 de julio del presente año. No ha comparecido. Resolvemos.

I

Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de

---

[1] En dicha Resolución, exigimos de Rodríguez Pérez que, luego de cumplir con los requerimientos del Procurador General, le certificara "…a la Secretaria del Tribunal Supremo su cumplimiento con lo aquí ordenado".

[2] Se han emitido Resoluciones, a esos efectos, de fecha: 17 de octubre de 2003; 19 de diciembre de 2003; 5 de mayo de 2004; y 24 de junio de 2005.

reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de conducta profesional.

Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. *In Re* Ríos Acosta, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. *In re* Rodríguez Mena, 126 D.P.R. 202 (1990).

Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, en lo relativo a la exigencia de respeto hacia los tribunales. *In re* Salichs Martínez, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal del ejercicio de la abogacía. *In re* Osorio Díaz, 146 D.P.R. 39 (1998); *In re*

González Albarrán, 139 D.P.R. 543 (1995); *In re* Serrano Mangual, 139 D.P.R. 602 (1995); *In re* Bonaparte Rosaly, 131 D.P.R. 908 (1992); *In re* Colón Torres, 129 D.P.R. 490 (1991).

II

De todo lo antes expuesto, resulta obvio, no sólo que Teddy Rodríguez Pérez <u>no</u> interesa seguir ejerciendo la honrosa profesión de abogado en nuestra jurisdicción sino que procede que decretemos la separación indefinida, e inmediata, de éste del ejercicio de la profesión hasta tanto él comparezca y este Tribunal determine, a base de su comparecencia, si resulta meritoria su reinstalación a la misma.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Teddy Rodríguez Pérez                    AB-2002-65

SENTENCIA

San Juan, Puerto Rico, a 14 de diciembre de 2005

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión indefinida, e inmediata, de Teddy Rodríguez Pérez del ejercicio de la abogacía en nuestra jurisdicción. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá además certificarnos, dentro del término de treinta (30) días, el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de Teddy Rodríguez Pérez, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo