EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Abel Robles Cirino | 2006 TSPR 116 <br><br> 168 DPR _____ |

Número del Caso: AB-2005-97
                 AB-2005-229
                 AB-2005-244


Fecha: 30 de junio de 2006


Abogado de la Parte Querellada:

                    Por Derecho Propio


Materia: Conducta Profesional
         (La suspensión será efectiva el 6 de julio de 2006 fecha
         en que se le notificó al abogado de su suspensión
         inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Abel Robles Cirino

AB-2005-97
AB-2005-229

AB-2005-244

PER CURIAM

San Juan, Puerto Rico, a 30 de junio de 2006

El 12 de mayo de 2005, la Secretaria del Tribunal Supremo, Lcda. Aida Ileana Oquendo Graulau, envió una carta al abogado Abel Robles Cirino mediante la cual le informó de una queja (AB-2005-097) presentada contra él por la Sra. Ana A. Márquez García y le concedió el término de diez días para que se expresara sobre la misma.

El abogado Robles Cirino compareció mediante moción informativa. Inconforme con lo expresado por el abogado Robles Cirino, la parte querellada compareció mediante comunicación de 16 de septiembre de 2005. En vista de ello, el 29 de septiembre de 2005 concedimos el término de quince días al abogado Robles Cirino para que se expresara sobre la comunicación de la querellada. <u>Éste no compareció</u>,

por lo que el 10 de febrero de 2006 le concedimos un nuevo término de quince días "para cumplir con nuestra Resolución del 29 de septiembre de 2005". Se le apercibió, además, "que el incumplimiento con esta Resolución conllevará su suspensión inmediata del ejercicio profesional". Dicha Resolución fue notificada personalmente el 15 de febrero de 2006. Éste no ha comparecido.

Por otro lado, el 25 de octubre de 2005, la Secretaria del Tribunal Supremo, licenciada Oquendo Graulau, le envió otra carta al abogado Abel Robles Cirino mediante la cual le informó de una segunda queja (AB-2005-229) presentada contra él por el Sr. Randol Caridad Silvestre y le concedió el término de diez días para que se expresara sobre la misma.

El abogado Robles Cirino no contestó. En vista de ello, mediante Resolución de 10 de febrero de 2006, le concedimos a Robles Cirino el término final de quince días para contestar la mencionada queja, apercibiéndole que "el incumplimiento con esta Resolución aparejará graves sanciones disciplinarias". La Resolución fue notificada personalmente a Robles Cirino el 1 de febrero de 2006. Tampoco ha comparecido.

Nuevamente, mediante carta de 15 de noviembre de 2005, la licenciada Oquendo Graulau le concedió a Robles Cirino el término diez días para expresarse respecto a una tercera queja (AB-2005-244) presentada en su contra, esta vez por

la Sra. Hipólita Germán Vda. de Acevedo. Robles Cirino no contestó.

En vista de ello, mediante Resolución de 28 de abril de 2006, le concedimos el término de diez días a Robles Cirino para contestar la queja presentada, apercibiéndole que su incumplimiento podría "conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión." (Énfasis suplido). Dicha Resolución le fue notificada personalmente el 15 de mayo de 2006. No obstante el tiempo transcurrido, Robles Cirino no ha comparecido.

I

Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de conducta profesional.

Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no

sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. *In re*: Ríos Acosta, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. *In re*: Rodríguez Mena, 126 D.P.R. 202 (1990).

Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, en lo relativo a la exigencia de respeto hacia los tribunales. *In re*: Salichs Martínez, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal o indefinida del ejercicio de la abogacía. *In re*: Osorio Díaz, 146 D.P.R. 39 (1998); *In re*: González Albarrán, 139 D.P.R. 543 (1995); *In re*: Serrano Mangual, 139 D.P.R. 602 (1995); *In re*: Bonaparte Rosaly, 131 D.P.R. 908 (1992); *In re*: Colón Torres, 129 D.P.R. 490 (1991).

II

De todo lo antes expuesto, resulta obvio, no sólo que Abel Robles Cirino no interesa seguir ejerciendo la honrosa profesión de abogado en nuestra jurisdicción, sino que procede que decretemos la separación inmediata e indefinida de éste del ejercicio de la profesión hasta tanto

comparezca y este Tribunal determine, a base de su comparecencia, si resulta meritoria su reinstalación.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Abel Robles Cirino

AB-2005-097
AB-2005-229
AB-2005-244

SENTENCIA

San Juan, Puerto Rico, a 30 de junio de 2006

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se ordena la consolidación de las quejas AB-2005-97; AB-2005-229 y AB-2005-244 y se dicta Sentencia decretando la suspensión inmediata e indefinida de Abel Robles Cirino del ejercicio de la abogacía en nuestra jurisdicción. Asimismo, le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de Abel Robles Cirino, luego de lo cual los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo