EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| RE: | 2006 TSPR 132 |
| Rodolfo S. Escabí Rodríguez | 168 DPR _____ |

Número del Caso: TS-4550

Fecha: 4 de agosto de 2006

Oficina de Inspección de Notarías:

Lcda. Carmen H. Carlos
Directora

Materia: Conducta Profesional
    (La suspensión será efectiva el 14 de agosto de 2006
     fecha en que se le notificó al abogado de  suspensión
     inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

RE:

Rodolfo S. Escabí Rodríguez                    TS-4550

PER CURIAM

San Juan, Puerto Rico, a  4 de agosto de 2006

Mediante Resolución, de 5 de mayo de 2006, ordenamos al Lcdo. Rodolfo S. Escabí Rodríguez a que en el término de veinte días, contado a partir de la notificación de dicha Resolución, procediera a subsanar las deficiencias arancelarias señaladas en un Informe presentado por la Oficina de Inspección de Notarías (ODIN). Dichas deficiencias correspondían a la falta de sellos de Asistencia Legal en su obra notarial que ascendían a la cantidad de $89,461 a la fecha de dicho Informe. A su vez, ordenamos que mostrara causa por la cual no debiéramos suspenderlo del ejercicio de la abogacía.

En la antes mencionada Resolución se le apercibió al licenciado Escabí Rodríguez que su

incumplimiento con la referida Resolución <u>conllevaría la</u>
<u>imposición de severas sanciones, incluyendo la separación</u>
<u>del ejercicio de la abogacía</u>. Dicha Resolución fue
<u>notificada personalmente</u> el 15 de mayo de 2006 al licenciado
Escabí Rodríguez por un alguacil de este Tribunal. <u>A pesar</u>
<u>del tiempo transcurrido, el licenciado Escabí Rodríguez no</u>
<u>ha cumplido con la Resolución del 5 de mayo de 2006</u>.
Resolvemos.

I

Uno de los compromisos que asume cada uno de los
abogados que presta juramento ante este Tribunal está
relacionado con la facultad inherente de este Foro de
reglamentar el ejercicio de la abogacía. Se trata del deber
de todo abogado de atender y cumplir con los requerimientos
y órdenes de este Tribunal. Sobre este particular, hemos
sido enfáticos al señalar que la naturaleza y práctica de la
abogacía requiere una escrupulosa atención y obediencia a
las órdenes de este Tribunal, particularmente en la esfera
de conducta profesional.

Asimismo, hemos expresado que el compromiso de todo
abogado de mantener y contribuir a un orden jurídico íntegro
y eficaz, con el propósito de lograr la más completa
confianza y apoyo de la ciudadanía, se extiende no sólo a la
esfera de la litigación de causas, sino a la jurisdicción
disciplinaria de este Tribunal. *In re*: Ríos Acosta, 143
D.P.R. 128 (1997). A tono con lo anterior, hemos señalado

que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. *In re*: Rodríguez Mena, 126 D.P.R. 202 (1990).

Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, en lo relativo a la exigencia de respeto hacia los tribunales. *In re*: Salichs Martínez, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal o indefinida del ejercicio de la abogacía. *In re*: Osorio Díaz, 146 D.P.R. 39 (1998); *In re*: González Albarrán, 139 D.P.R. 543 (1995); *In re*: Serrano Mangual, 139 D.P.R. 602 (1995); *In re*: Bonaparte Rosaly, 131 D.P.R. 908 (1992); *In re*: Colón Torres, 129 D.P.R. 490 (1991).

II

De todo lo antes expuesto, resulta obvio, no sólo que a Rodolfo S. Escabí Rodríguez no le interesa seguir ejerciendo la honrosa profesión de abogado en nuestra jurisdicción, sino que procede que decretemos la separación indefinida, e inmediata, de éste del ejercicio de la profesión hasta tanto comparezca y este Tribunal determine, a base de su comparecencia, si resulta meritoria su reinstalación.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Re*

Rodolfo S. Escabí Rodríguez          TS-4550


SENTENCIA

San Juan, Puerto Rico, a 4 de agosto de 2006

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión indefinida, e inmediata, de Rodolfo S. Escabí Rodríguez del ejercicio de la abogacía en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta días el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Rodolfo S. Escabí Rodríguez, incluyendo su sello notarial, luego de lo cual hará entrega de éstos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton y el Juez Asociado señor Fuster Berlingeri no intervinieron.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo