

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Orlando Torres Trinidad | 2012 TSPR 23<br><br>183 DPR ____ |

Número del Caso: TS-8227

Fecha: 9 de noviembre de 2011

Oficina de Inspección de Notarías

       Lcda. Lourdes Quintana Llorens
       Directora

Materia: Conducta Profesional- La suspensión será efectiva el 1 de febrero de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Orlando Torres Trinidad                    TS-8227




PER CURIAM


En San Juan, Puerto Rico a 9 de noviembre de 2011.

Una vez más, nos vemos obligados a suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal sobre un procedimiento disciplinario instado en su contra. Por los fundamentos expuestos a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Orlando Torres Trinidad del ejercicio de la abogacía.

I.

El licenciado Torres Trinidad fue admitido al ejercicio de la abogacía el 10 de enero de 1986.

El 25 de abril de 2008, mediante opinión *Per Curiam*, lo suspendimos indefinidamente del ejercicio

de la abogacía y ordenamos la incautación de su obra notarial. In re Torres Trinidad, 173 D.P.R. 629 (2008). Esto, debido a su incomparecencia durante un proceso disciplinario con relación a una queja presentada en su contra, AB-07-112. Mediante reconsideración, lo reinstalamos al ejercicio de la abogacía, aunque ordenamos que se continuara con el trámite disciplinario iniciado previamente. Luego de varios trámites procesales, el 8 de mayo de 2009, emitimos una Resolución mediante la cual archivamos esta queja en contra del licenciado Torres Trinidad. Sin embargo, se continuaron los procedimientos relacionados con la subsanación de deficiencias en su obra notarial.

Posteriormente, el 14 de enero de 2011, se presentó la queja de autos, AB-2011-0010. El quejoso, Sr. Ángel M. De Jesús Sánchez, alegó que el licenciado Torres Trinidad lo representó incompetentemente en un pleito de divorcio. El 4 de febrero de 2011, le notificamos mediante correo certificado al licenciado Torres Trinidad sobre la queja presentada en su contra y le concedimos un término de diez días para contestarla.

Mediante una carta con fecha de 1 de marzo de 2011, el licenciado Torres Trinidad nos solicitó una prórroga de veinte días para cumplir con lo ordenado. Le concedimos su petición el 14 de marzo de 2011. Una vez más, el 3 de mayo de 2011, el licenciado Torres Trinidad nos solicitó una prórroga para contestar la queja. En su carta, nos explicó que no había expuesto su posición respecto al procedimiento

disciplinario en su contra debido a que su secretaria estuvo enferma. Sostuvo que esta inconveniencia atrasó los trabajos en su oficina. Nuevamente, el 5 de mayo de 2011, le concedimos un término adicional para cumplir con lo ordenado, esta vez, de diez días. Sin embargo, el licenciado Torres Trinidad no compareció. Así las cosas, el 6 de julio de 2011, se le cursó una notificación concediéndole un término final e improrrogable de cinco días para comparecer con sus comentarios y reacciones por escrito en torno a la queja.

Debido a su incomparecencia, el 17 de agosto de 2011, emitimos una Resolución mediante la cual le concedimos nuevamente al licenciado Torres Trinidad un término final de cinco días para que compareciera ante este Tribunal y contestara la queja presentada en su contra. Allí, le apercibimos que su incumplimiento con nuestra orden podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Esta orden le fue notificada personalmente el 19 de agosto de 2011. Al día de hoy, el abogado de epígrafe no ha comparecido.

II.

Cada abogado que presta juramento ante este Tribunal está obligado a atender y cumplir con los requerimientos y órdenes de este Tribunal, particularmente en la esfera de conducta profesional. In re Rivera Rosado, res. el 25 de enero de 2011, 2011 T.S.P.R. 18, 180 D.P.R. ___ (2011); In re Fiel Martínez, 180 D.P.R. 426 (2010).

Constantemente, hemos enfatizado el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz. In re Janet Rivera Rosado, *supra*; In re Prieto Rivera, res. el 18 de enero de 2011, 2011 T.S.P.R. 28, 180 D.P.R. ___ (2011). Este deber se extiende no solo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re Ríos Acosta, 143 D.P.R. 128 (1997). Asimismo, hemos expresado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, este tiene que responder prontamente a nuestros requerimientos. In re Otero Encarnación, 179 D.P.R. 827 (2010); In re Rodríguez Mena, 126 D.P.R. 202 (1990).

Ciertamente, la indiferencia a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, en cuanto al respeto hacia los tribunales. In re Rosado Cruz, 176 D.P.R. 1012 (2009); In re Salichs Martínez, 131 D.P.R. 481 (1992). *Véase* Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9. Por ello, cuando un abogado ignora nuestros requerimientos, procede la suspensión inmediata e indefinida del ejercicio de la abogacía. In re Reyes Rovira, 139 D.P.R. 42 (1995); In re Osorio Díaz, 146 D.P.R. 39 (1998); In re González Albarrán, 139 D.P.R. (1995). En fin, la actitud de indiferencia a la autoridad de este Tribunal no puede ser tomada livianamente. In re Martínez Sotomayor, res. el 3 de marzo de 2011, 2011 T.S.P.R. 32, 181 D.P.R. ___ (2011).

III.

Lamentablemente, nos encontramos con otro abogado que ignora nuestros requerimientos. Fueron cuatro las prórrogas que este Tribunal concedió al licenciado Torres Trinidad para que cumpliera con nuestra orden de expresarse sobre la queja que originó este procedimiento disciplinario. No obstante, a pesar de nuestras consideraciones para con sus petitorios, el licenciado Torres Trinidad no ha respondido a la Resolución del 17 de agosto de 2011, ni a la queja en su contra.

Esta actitud de indiferencia y desatención que el licenciado Torres Trinidad ha mostrado ante las órdenes de este Tribunal nos fuerzan a decretar, por segunda ocasión, su separación inmediata e indefinida del ejercicio de la abogacía. Además, le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos. Deberá, además, certificarnos el cumplimiento de estos deberes dentro del término de treinta días, a partir de la notificación de esta Opinión y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Orlando Torres Trinidad                    TS-8227




SENTENCIA


En San Juan, Puerto Rico a 9 de noviembre de 2011.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Torres Trinidad del ejercicio de la abogacía.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos. Deberá, además, certificarnos el cumplimiento de estos deberes dentro del término de treinta días, a partir de la notificación de esta Opinión y Sentencia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.



Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo