EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Américo Martínez Romero | 2013 TSPR 66 <br><br> 188 DPR ____ |

Número del Caso: TS-8545

Fecha: 10 de mayo de 2013

Oficina de Inspección de Notarías:

      Lcda. Lourdes Quintana Llorens
      Directora

Materia: Conducta Profesional – La suspensión será efectiva a partir del 29 de mayo de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Américo Martínez Romero     **TS-8545**     Conducta
                                            Profesional

*PER CURIAM*

San Juan, Puerto Rico, a  10  de mayo de 2013.

Reiteradamente hemos enfatizado en la obligación que tiene todo abogado de cumplir fiel y cabalmente con todos y cada uno de los cánones de ética que rigen nuestra profesión. Sin embargo, una vez más nos vemos obligados a suspender a otro miembro de la clase togada del ejercicio de la abogacía y la notaría por incumplir con las órdenes de este Tribunal.

# I

El Lcdo. Américo Martínez Romero fue admitido al ejercicio de la abogacía el 15 de enero de 1987 y, posteriormente, al ejercicio de la notaría el 19 de marzo de 1993. Por los fundamentos expuestos a continuación, ordenamos la suspensión inmediata e indefinida del licenciado Martínez Romero del ejercicio de la abogacía y de la notaría.

El 14 de marzo de 2012, la Lcda. Lourdes I. Quintana Llorens, Directora de la Oficina de Inspección de Notarías (ODIN) presentó ante esta Curia un *Informe Sobre el Estado de la Notaría* del licenciado Martínez Romero. En dicho informe expresó que el inspector de la ODIN visitó e inspeccionó por última vez la sede notarial del licenciado el 20 de noviembre de 2002, quedando pendiente la re-inspección. Así las cosas, el 19 de diciembre de 2008 la ODIN envió una notificación al licenciado Martínez Romero en la cual se le informó que el 4 de febrero de 2009 el inspector de la ODIN estaría pasando por su oficina para realizar nuevamente la inspección a la obra notarial.

El 15 de febrero de 2011, la ODIN envió otra comunicación por correo certificado con acuse de recibo a todas las direcciones que el licenciado Martínez Romero había notificado en el Registro Único de Abogados (RUA). Sin embargo, todas las cartas fueron devueltas a la ODIN "unclaimed".

Finalmente, el 22 de febrero de 2011 el licenciado Martínez Romero envió una carta a la ODIN. En la misma informó que el inspector se había comunicado con él para informarle que el 23 de febrero de ese mismo año acudiría a su oficina para culminar la inspección que comenzó. Sin embargo, el licenciado solicitó una prórroga de treinta días por tener un conflicto en el calendario y propuso varias fechas hábiles para la inspección. Así las cosas, la ODIN concedió la prórroga solicitada, y a tenor de las fechas propuestas por el licenciado, lo citó para la re-inspección final de la obra notarial el 31 de marzo de 2011. Además, le apercibió que esa sería la última visita de re-inspección y su incumplimiento daría paso a referir el asunto al Tribunal Supremo.

A pesar de la advertencia antes señalada, transcurrió un año sin que el licenciado Martínez Romero permitiera la inspección de su obra notarial. La licenciada Quintana Llorens alegó que el licenciado no contestó las llamadas telefónicas que le realizó la ODIN ni reportó cambios en su dirección.

A tenor de lo anterior, esta Curia emitió una Resolución el 25 de mayo de 2012, en la cual le concedió al licenciado Martínez Romero un término **final e improrrogable de cinco días** para comparecer y mostrar causa por la cual no se debía ejercer nuestra jurisdicción disciplinaria por

incumplir con los requerimientos de la ODIN.[1]  Transcurrido cerca de un año, aún no hemos recibido respuesta a nuestras órdenes relacionadas a este asunto.

## II

Hemos enfatizado en un sinnúmero de ocasiones el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz.[2]  Así, el Canon 9 del Código de Ética Profesional[3] establece que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".  Cuando los abogados no cumplen con las órdenes de este Tribunal demuestran menosprecio hacia nuestra autoridad, infringiendo, de ese modo, las disposiciones del Canon 9, *supra*.[4]

Asimismo, hemos reiterado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, este tiene que responder prontamente a nuestros requerimientos.[5]  Así, procede la suspensión inmediata de aquellos miembros de la profesión que incumplen con

---

[1] La Resolución dictada el 25 de mayo de 2012 fue notificada personalmente por los alguaciles de este Tribunal el 11 de junio de 2012.  Al acudir a la oficina del licenciado Martínez Romero, le informaron que desde hace año y medio el licenciado no tenía su oficina allí.  Así las cosas, acudieron a la residencia del licenciado, debido a que no había nadie en la residencia dejaron la hoja de Aviso allí.

[2] In re Torres Trinidad, 183 D.P.R. 371, 374 (2011); In re Rivera Rosado, 180 D.P.R. 698 (2011); In re Prieto Rivera, 180 D.P.R. 692 (2011).

[3] 4 L.P.R.A. Ap. IX, C. 9

[4] In re Cirino López, 184 D.P.R. Ap. (2012); In re Fidalgo Córdova, 183 D.P.R. 217, 222 (2011).

[5] In re Torres Trinidad, supra; In re Otero Encarnación, 179 D.P.R. 827 (2010); In re Rodríguez Mena, 126 D.P.R. 202 (1990).

nuestros requerimientos e ignoran los apercibimientos de sanciones disciplinarias.[6]

De otra parte, ningún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contactará para verificar si corrigió adecuadamente los señalamientos que ésta efectuó.[7] Los abogados tienen una obligación inexcusable de responder diligentemente a los requerimientos de este Tribunal, así como a los de la ODIN y los de la Oficina del Procurador General.[8] Una vez el abogado se aparta de cumplir con los deberes que le impone la ley y el ordenamiento ético, incurre en conducta que acarrea una sanción disciplinaria.[9] Así, y como corolario de la doctrina, esta Curia ha resuelto que procede la suspensión indefinida e inmediata de la abogacía y la notaría cuando un notario ignora los requerimientos de la ODIN y este Tribunal.[10]

### III

Desgraciadamente, en el caso de autos nos encontramos ante otro letrado que ignora e incumple con los

---

[6] In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011); In re Torres Viera, 179 D.P.R. 868 (2010); In re Feliciano Jiménez, 176 D.P.R. 234 (2009); In re Laborde Freyre I, 154 D.P.R. 112 (2001).

[7] In re Arroyo Rivera, supra, pág. 736; In re Román Jiménez, 161 D.P.R. 727, 733 (2004).

[8] In re Arroyo Rivera, supra; In re Montalvo Guzmán, 169 D.P.R. 847 (2007); In re Moreno Franco, 166 D.P.R. 787 (2006); In re Rivera Irizarry, 155 D.P.R. 687 (2001).

[9] In re Arroyo Rivera, supra; In re Montalvo Guzmán, supra.

[10] In re Montes Díaz, 184 D.P.R. 90, 94 (2012); In re Torres Rodríguez, 163 D.P.R. 144, 148 (2004).

requerimientos de este Tribunal y de la ODIN. El licenciado Martínez Romero hizo caso omiso e incumplió con su deber de responder oportunamente a los requerimientos de la ODIN y de este Tribunal. La ODIN estuvo aproximadamente un año tratando de localizar al licenciado Martínez Romero, para realizar la inspección de su obra notarial, antes de acudir a este foro, sin embargo, no tuvo éxito. Así las cosas, la ODIN acudió a esta Curia y le concedimos al licenciado cinco días improrrogables para comparecer. No obstante, ha transcurrido casi un año desde esa resolución y el licenciado no ha respondido a nuestra orden. Por lo tanto, esta actitud de indiferencia y desatención que el licenciado ha mostrado ante las órdenes de este Tribunal nos fuerzan a decretar la suspensión inmediata e indefinidamente del ejercicio de la abogacía y de la notaría. Esto, con el apercibimiento de que no estaremos dispuestos a decretar su reinstalación hasta que cumpla con todos los señalamientos de la ODIN y nuestras resoluciones.

## IV

Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del Lcdo. Américo Martínez Romero de la práctica de la abogacía y de la notaría. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma,

tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el cual tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días contados a partir de la notificación de la presente opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Martínez Romero y entregarlos a la Directora de la ODIN para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Américo Martínez Romero           **TS-8545**          Conducta
                                                       Profesional

*SENTENCIA*

San Juan, Puerto Rico, a  10  de mayo de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Américo Martínez Romero del ejercicio de la abogacía y la notaría.

El licenciado Martínez Romero notificará a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier Sala del Tribunal General de Justicia o Foro Administrativo en el que tenga algún caso pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

del licenciado Martínez Romero, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Estrella Martínez emite la siguiente expresión: "Estoy conforme con la suspensión inmediata e indefinida del Lcdo. Américo Martínez Romero del ejercicio de la abogacía y la notaría. Ahora bien, considero que la mayoría de este Tribunal omite una causa que contribuyó a la cadena de omisiones en el cumplimiento con las órdenes de este Tribunal y de la Oficina de Inspección de Notaría, a saber: no haber notificado el cambio de sus direcciones en el Registro Único de Abogados (RUA). A mi juicio, el haber desatendido lo ordenado por la Regla 9(j) del Reglamento del Tribunal Supremo y su jurisprudencia interpretativa es un fundamento esencial e intrínsecamente ligado a los procesos disciplinarios por razón de no acatar órdenes del Tribunal por inaccesibilidad en las notificaciones de los letrados. Véanse *In re* Rojas Rojas, 185 D.P.R. 405, 408 (2012); *In re Grau Collazo*, 185 D.P.R. 938, 943-944 (2012)." El Juez Presidente señor Hernández Denton y la Juez Asociada señora Rodríguez Rodríguez se unen a expresiones del Juez Asociado señor Estrella Martínez. El Juez Asociado señor Rivera García no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo