EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Juan G. Colón Rivera | 2007 TSPR 59<br><br>170 DPR \_\_\_\_ |

Número del Caso: AB-2005-24
              AB-2006-295


Fecha: 6 de marzo de 2007


Oficina del Procurador General:

                    Lcda. Miriam Soto Contreras
                    Procuradora General Auxiliar

                    Lcda. Daphne M. Cordero Guilloty
                    Procuradora General Auxiliar


Comisión de Ética del Colegio de Abogados de Puerto Rico:

                    Lcda. María de Lourdes Rodríguez
                    Oficial Investigadora


Materia: Conducta Profesional
        (La suspensión del abogado advino final y firme el
        día 28 de marzo de 2007)



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Juan G. Colón Rivera

AB-2005-024
AB-2006-295

PER CURIAM

San Juan, Puerto Rico, a 6 de marzo de 2007

El Procurador General de Puerto Rico, mediante un informe de 27 de octubre de 2006, nos indicó que --con el propósito de lograr que el abogado Juan G. Colón Rivera respondiera a sus requerimientos respecto a una queja referida a su Oficina por este Tribunal-- había realizado diversas gestiones las cuales habían resultado infructuosas. En vista a ello, mediante Resolución del 8 de noviembre de 2006, este Tribunal le concedió a Colón Rivera el término de diez días para que mostrara causa por la cual no debía ser disciplinado. Se apercibió a Colón Rivera que el incumplimiento con la referida Resolución podía conllevar la imposición de

severas sanciones, "incluyendo la suspensión al ejercicio de la profesión". Dicha Resolución fue notificada personalmente a Colón Rivera el 5 de diciembre de 2006 por un alguacil de este Tribunal. A pesar del tiempo transcurrido Colón Rivera no ha comparecido.

Mediante Resolución, de 15 de noviembre de 2006, concedimos a Colón Rivera el término diez días para que compareciera ante este Tribunal a mostrar causa por la cual no debía ser disciplinado, en esta ocasión, por no responder a los requerimientos del Colegio de Abogados de Puerto Rico con relación a una queja presentada contra él ante dicha institución. Se le apercibió que el incumplimiento con esta Resolución podría conllevar "la suspensión al ejercicio de la profesión". Igualmente, la referida Resolución fue notificada personalmente a Colón Rivera por un alguacil de este Tribunal el 5 de diciembre de 2006. No ha comparecido.

Consolidamos ambos casos. Resolvemos, sin ulterior trámite, la cuestión planteada.

I

Reiteradamente hemos expresado que uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este

Tribunal. Sobre este particular, hemos sido <u>enfáticos</u> al señalar que la naturaleza y práctica de la abogacía <u>requiere una escrupulosa atención y obediencia a las</u> <u>órdenes de este Tribunal, particularmente en la esfera de</u> <u>conducta profesional</u>.

Asimismo, hemos expresado que el <u>compromiso</u> de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, <u>se extiende no</u> <u>sólo a la esfera de la litigación de causas, sino a la</u> <u>jurisdicción disciplinaria de este Tribunal</u>. Véase: *In re*: <u>Ríos Acosta</u>, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, <u>independientemente de los méritos de</u> <u>las quejas presentadas en contra de un abogado</u>, éste tiene la <u>obligación ineludible</u> de responder prontamente a nuestros requerimientos. *In re*: <u>Rodríguez Mena</u>, 126 D.P.R. 202 (1990).

Debe mantenerse presente que la <u>desatención</u> a las órdenes de este Tribunal <u>constituye una violación al Canon</u> <u>9 del Código de Ética Profesional</u>, en lo relativo a la exigencia de respeto hacia los tribunales. *In re*: <u>Salichs</u> <u>Martínez</u>, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de <u>renuencia</u> a cumplir con nuestras órdenes, <u>procede la suspensión temporal o indefinida del</u> <u>ejercicio de la abogacía</u>. Véase: *In re*: <u>Osorio Díaz</u>, 146 D.P.R. 39 (1998); *In re*: <u>González Albarrán</u>, 139 D.P.R. 543 (1995); *In re*: <u>Serrano Mangual</u>, 139 D.P.R. 602 (1995); *In*

*re*: Bonaparte Rosaly, 131 D.P.R. 908 (1992); *In re*: Colón Torres, 129 D.P.R. 490 (1991).


                                    II

De todo lo antes expuesto, resulta obvio, no sólo que Juan G. Colón Rivera no interesa seguir ejerciendo la honrosa profesión de abogado en nuestra jurisdicción, sino que procede que decretemos la separación inmediata e indefinida de éste del ejercicio de la profesión hasta tanto comparezca y este Tribunal determine, a base de su comparecencia, si resulta meritoria su reinstalación.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

|                        |                |
| ---------------------- | -------------- |
|                        | AB-2005-24     |
| Juan G. Colón Rivera   | AB-2006-295    |

SENTENCIA

San Juan, Puerto Rico, a 6 de marzo de 2007

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida de Juan G. Colón Rivera del ejercicio de la abogacía en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta días el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Juan G. Colón Rivera, incluyendo su sello notarial, luego de lo cual hará entrega de éstos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo