EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Moisés Rivera Colón | 2007 TSPR 216 <br><br> 172 DPR _____ |

Número del Caso: AB-2004-230
            Cons. AB-2005-240


Fecha: 25 de octubre de 2007


Abogado de la Parte Querellada:

                    Lcdo. Francisco Dávila Vargas


Oficina del Procurador General:

                    Lcda. Maite Oronoz Rodríguez
                    Subprocuradora General

                    Lcda. Miriam Soto Contreras
                    Procuradora General Auxiliar

                    Lcda. Lizette Mejías Avilés
                    Procuradora General Auxiliar


Materia: Conducta Profesional
        (La suspensión será efectiva el 10 de diciembre de
        2007 fecha en que se le notificó al abogado de su
        suspensión inmediata.)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Moisés Rivera Colón        AB-2004-230      Quejas

Cons. AB-2005-240

PER CURIAM

San Juan, Puerto Rico, a 25 de octubre de 2007.

El Lcdo. Moisés Rivera Colón fue admitido al ejercicio de la abogacía el 20 de noviembre de 1980 y al ejercicio de la notaría el 9 de marzo de 1981.

I

El 5 de octubre de 2004 el Sr. Ricardo Colón Colón presentó una queja en contra del Lcdo. Rivera Colón en este Tribunal. Rivera Colón fue notificado de dicha queja por la Secretaria del Tribunal el 1ro. de noviembre de 2004. Luego de que el abogado de epígrafe contestó dicha queja, la misma fue referida a la Oficina del Procurador General para la investigación e informe correspondiente, en cumplimiento con la Regla 14 (d) del Reglamento del Tribunal.

El Procurador General sometió su informe el 7 de diciembre de 2006. Mediante Resolución de 21 de diciembre de 2006 le concedimos a Rivera Colón un término de veinte (20) días para expresarse sobre el mencionado informe del Procurador.

Transcurrido el término de veinte (20) días sin recibir la comparecencia del abogado, mediante Resolución de 30 de marzo de 2007, se le concedió un término adicional de veinte (20) días para que mostrara causa por la cual este Tribunal no debía de ejercer su jurisdicción disciplinaria e imponerle sanciones por su incumplimiento con lo ordenado. Se le apercibió que su incumplimiento podía conllevar la suspensión al ejercicio de la profesión. Esta Resolución fue notificada personalmente el 12 de abril de 2007, a través de la Oficina del Alguacil General. A la fecha de hoy Rivera Colón no ha comparecido ante nos.

De otro lado, el pasado 15 de noviembre de 2005 la Secretaria del Tribunal Supremo cursó comunicación por correo certificado al abogado de epígrafe, con relación a otra queja presentada en su contra, en esta ocasión por el Sr. Rolando Rojas Torre. Luego de una segunda notificación, Rivera Colón compareció ante este Tribunal y expresó que devolvería los cinco mil (5,000) dólares que le fueron pagados por adelantado por concepto de

honorarios y que constituían el objeto de la queja presentada.

Así las cosas, mediante Resolución de 15 de marzo de 2006, se le ordenó a Rivera Colón devolverle al Sr. Rojas Torre los cinco mil (5,000) dólares objeto de la queja, dentro de un término de noventa (90) días. Rivera Colón no cumplió con dicha orden.

El 30 de junio de 2006, mediante Resolución y bajo apercibimiento de sanciones disciplinarias severas, se le concedió un término adicional de veinte (20) días para informar al Tribunal de las gestiones realizadas para dar cumplimiento a la orden del 15 de marzo de 2006. Rivera Colón solicitó dos prórrogas para cumplir con la referida orden. A pesar de que las prórrogas le fueron otorgadas, el abogado de epígrafe no cumplió.

El 12 de diciembre de 2006 emitimos otra Resolución otorgándole a Rivera Colón un término de quince (15) días para informar a este Tribunal de las gestiones realizadas para dar cumplimiento a la Resolución del 15 de marzo de 2006. Rivera Colón no compareció.

Por último, mediante Resolución de 1ro. de marzo de 2007, le concedimos un término final de quince (15) días para informar a este Tribunal las gestiones realizadas para dar cumplimiento a la Resolución del 15 de marzo de 2006, bajo apercibimiento de suspensión del ejercicio de la profesión. Dicha Resolución fue notificada

personalmente por un alguacil del Tribunal el 8 de marzo de 2007.

Al día de hoy Rivera Colón no ha comparecido.

En vista de que el licenciado Rivera Colón no ha comparecido ante este Tribunal en un craso incumplimiento con nuestras órdenes, procedemos a consolidar los asuntos pertinentes a las dos quejas (AB-2004-230 y AB-2005-240) y resolver sin ulteriores trámites.

II

Reiteradamente hemos expresado que uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de conducta profesional.

Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. Véase: *In re*:

Ríos Acosta, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. *In re*: Rodríguez Mena, 126 D.P.R. 202 (1990).

Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, en lo relativo a la exigencia de respeto hacia los tribunales. *In re*: Salichs Martínez, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal o indefinida del ejercicio de la abogacía. Véase: *In re*: Osorio Díaz, 146 D.P.R. 39 (1998); *In re*: González Albarrán, 139 D.P.R. 543 (1995); *In re*: Serrano Mangual, 139 D.P.R. 602 (1995); *In re*: Bonaparte Rosaly, 131 D.P.R. 908 (1992); *In re*: Colón Torres, 129 D.P.R. 490 (1991).

III

De todo lo antes expuesto, resulta obvio, que el licenciado Rivera Colón ha incumplido con su deber de responder prontamente a los requerimientos y órdenes de este Tribunal. En vista de lo anterior se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al licenciado Moisés Rivera Colón.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del licenciado Rivera Colón y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Moisés Rivera Colón          AB-2004-230

                                        Quejas

                             AB-2005-240

SENTENCIA

San Juan, Puerto Rico, a 25 de octubre de 2007.

Por los fundamentos expuestos en la Opinión *Per* Curiam que antecede, la cual se hace formar parte íntrega de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Moisés Rivera Colón.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Jueza Asociada señora Rodríguez Rodríguez no intervinieron.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo