EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> César A. Rosado Ramos | 2007 TSPR 201 <br><br> 172 DPR \_\_\_\_ |

Número del Caso: AB-2005-201


Fecha: 30 de octubre de 2007


Abogado de la Parte Peticionaria:

        Por Derecho Propio


Oficina del Procurador General:

        Lcda. Sarah Y. Rosado Morales
        Procuradora General Auxiliar


Materia: Conducta Profesional
      (La suspensión será efectiva el 14 de noviembre
      de 2007 fecha en que se le notificó al abogado de
      su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

César A. Rosado Ramos          AB-2005-201          Queja

PER CURIAM

San Juan, Puerto Rico, a 30 de octubre de 2007.

Nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su reiterado incumplimiento con los requerimientos de este Tribunal. Este caso ilustra diáfanamente como, a pesar de todas las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una falta que, muy bien, pudo haberse evitado.

I

El pasado 6 de diciembre de 2006, la Secretaría del Tribunal Supremo le notificó al Sr. César Rosado Ramos, quien fuera admitido al ejercicio de la abogacía el 26 de noviembre de 1997, una Resolución

concediéndole un término de veinte (20) días para contestar un Informe del Procurador General relacionado a una queja presentada en su contra. No obstante, Rosado Ramos no compareció dentro del término concedido.

Posteriormente, el 11 de abril de 2007, le remitimos a Rosado Ramos una segunda notificación mediante la cual se le concedió un término adicional de diez (10) días para contestar el referido Informe del Procurador General. En esa ocasión, se le advirtió que el incumplimiento con lo ordenado podía conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión. Esta Resolución se le notificó a Rosado Ramos mediante entrega personal realizada por un alguacil del Tribunal el 27 de abril de 2007. Sin embargo, Rosado Ramos tampoco compareció dentro del término provisto.

En vista de lo anterior, procedemos a resolver sin trámite ulterior.

II

En reiteradas ocasiones hemos enfatizado que todo abogado tiene la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Más aún, hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias. In re Lloréns Sar, res. 5 de febrero de 2007, 2007 TSPR 31.

Debe quedar claro que dicha conducta constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9, relativo a la exigencia de respeto hacia los tribunales y que, por tanto, configura una falta independiente a los méritos de la queja presentada. In re Colón Rivera, res. el 6 de marzo de 2007, 2007 TSPR 59.

### III

En el caso de autos, Rosado Ramos incumplió con su deber de responder oportunamente a los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, éste se ha mostrado indiferente ante nuestras órdenes y ha hecho caso omiso de las mismas. Incluso, se ha mostrado renuente a cumplir con nuestros requerimientos a pesar de habérsele advertido de la posible imposición de sanciones disciplinarias.

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a Rosado Ramos. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial de Rosado Ramos y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

César A. Rosado Ramos          AB-2005-201     Queja

SENTENCIA

San Juan, Puerto Rico, a 30 de octubre de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a César A. Rosado Ramos del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Fuster Berlingeri no intervinieron.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo