EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>José M. Jiménez Román | 2007 TSPR 210<br><br>172 DPR _____ |
| --- | --- |

Número del Caso: TS-10893

Fecha: 6 de noviembre de 2007

Comisión de Reputación para el Ejercicio de la Abogacía:

> Lcdo. Doel Quiñones Núñez
> Lcdo. Héctor Saldaña Egozcue
> Lcda. Belén Guerrero Calderón
> Lcdo. Alcides Oquendo Solís
> Dr.   Robert Stolberg
> Lcda. Jocelyn López Vilanova
> Lcda. Waleska Delgado Marrero
> Lcdo. Carlos V. Dávila

Materia: Conducta Profesional
(La suspensión será efectiva una vez advenga final y firme la Sentencia, conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración 27 de noviembre de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

José M. Jiménez Román                    TS-10893

*Per Curiam*

 En San Juan, Puerto Rico, a 6 de noviembre de 2007.

El Lcdo. José M. Jiménez Román fue suspendido indefinidamente del ejercicio de la profesión mediante Opinión *Per Curiam* fechada 30 de diciembre de 2003 al no responder a los requerimientos de este Tribunal con motivo de varias quejas presentadas en su contra. La suspensión se hizo efectiva el 11 de febrero de 2004. *In re:* Jiménez Román, 160 D.P.R. 786, 2003. El 12 de abril de 2005 el señor Jiménez Román solicitó reinstalación y tras varios trámites, el 15 de diciembre de ese año referimos el asunto a la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía.

La Comisión rindió su informe el 27 de enero de 2006. Recomendó, entre otras alternativas, que se readmitiera al licenciado Jiménez Román y se convirtieran ciertas quejas pendientes en su contra a un trámite bajo la Regla 15 del Reglamento del Tribunal Supremo, dándole, a la vez, la oportunidad de demostrar que no debía tomarse ninguna medida de orden profiláctica al amparo de dicha regla.

Mediante resolución de 30 de mayo de 2006 reinstalamos al licenciado Jiménez Román al ejercicio de la abogacía, con la condición de que por el término de un año se sometiera a pruebas periódicas de dopaje. Además, ordenamos a la Comisión de Reputación para el Ejercicio de la Abogacía que estableciera el procedimiento a seguir y supervisara el cumplimiento del señor Jiménez Román con la condición impuesta. Acorde a dicha resolución, el 1 de junio de 2006, la Comisión de Reputación le requirió al Lcdo. José M. Jiménez Román que a partir de 1 de junio de 2006 sometiera, en la secretaría de este Tribunal, certificaciones mensuales de pruebas de "dopaje" para comprobar que no estuviera en condición de dependencia en sustancias controladas. Este requisito debía cumplirse por el periodo de un año a partir de esa fecha.

El 30 de enero de 2007 la Comisión nos informó que el licenciado Jiménez Román no había presentado las pruebas de dopaje correspondientes a los meses de agosto y septiembre de 2006. Como consecuencia de lo anterior, el 30 de octubre de 2006 la Comisión emitió una Resolución concediendo al licenciado Jiménez Román un término de cinco días para que informara la razón de su incumplimiento con la orden de la Comisión y mostrara causa por la cual no debería ser referido el asunto al Tribunal Supremo de Puerto Rico. El 1 de noviembre de 2006 se notificó la resolución a la dirección que consta en el expediente del licenciado Jiménez Román. La notificación

fue devuelta por el correo y recibida en la Secretaría del Tribunal el 14 de noviembre de 2006. A partir del 16 de noviembre de 2006 la Secretaría del Tribunal trató de comunicarse con el licenciado Jiménez Román a los teléfonos informados en su expediente, sin resultado alguno. El licenciado Jiménez Román tampoco sometió las pruebas de dopaje correspondientes a los meses de noviembre y diciembre de 2006.

En vista del incumplimiento del abogado con nuestra Resolución y con el procedimiento establecido por la Comisión de Reputación, así como de la imposibilidad de localizarle, la Comisión sometió el asunto ante este Tribunal para la acción que correspondiera. Luego de esto, recibimos los resultados de unas pruebas de dopaje fechadas 8 de diciembre de 2006 y 19 de enero de 2007. Éstas fueron entregadas por mensajero sin sobre y sin que las acompañara ningún otro documento.

El 9 de marzo de 2007 ordenamos al Lcdo. José M. Jiménez Román mostrar causa por la cual no debíamos ordenar su suspensión indefinida del ejercicio de la abogacía por haber incumplido con lo ordenado por este Tribunal como condición de su reinstalación. Nuestra resolución le apercibió de la posible imposición de medidas severas, incluyendo la suspensión indefinida de la profesión. Esta resolución se notificó personalmente a través de la Oficina de los Alguaciles de este Tribunal. El licenciado Jiménez Román compareció mediante moción informativa aduciendo que no había recibido copia del informe de la Comisión de Reputación que nos refirió el asunto.

El 16 de agosto de 2007 ordenamos que se le notificara personalmente con copia de la Moción Informativa de 21 de febrero de 2007 y el Informe de la Comisión de Reputación de 30 de enero de 2007, presentados

ambos por el Lcdo. Doel Quiñones Núñez, Presidente de la Comisión de Reputación, así como la Resolución de dicha Comisión de 30 de octubre de 2006.

Concedimos entonces al licenciado Jiménez Román un nuevo término para mostrar causa por la cual no debíamos suspenderlo del ejercicio de la profesión. Esta resolución fue notificada personalmente el 4 de septiembre de 2007. Al día de hoy el abogado no ha comparecido.

I

Resulta verdaderamente sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas que al así hacerlo se pone en peligro el título obtenido.

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. In Re: Maldonado Rivera, 147 D.P.R. 380 (1999). Igualmente hemos resaltado que los abogados tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal. Desatender las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Véanse, entre muchos otros: In re: Grau Díaz, res. el 29 de marzo de 2006, 167 D.P.R. ___; In re: Zayas Cabán, 162 D.P.R. 839 (2004); In re: Arroyo Rivera, 161 D.P.R. 567 (2004); In re: Torres Torregrosa, 161 D.P.R. 66 (2004); In re: Fernández Pacheco, 152 D.P.R. 531 (2000); In re: Corujo Collazo, 149 D.P.R. 857 (1999); In re: Ron Meléndez, 149 D.P.R. 105 (1999); In re: Rivera Rodríguez, 147 D.P.R. 917 (1999).

Como señaláramos en Colegio de Abogados de Puerto Rico v. Pizzini Arnott, 157 D.P.R. 182 (2002), el "[desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la

profesión legal". Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incompresible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes". In re: Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); véase, además: In re: Nicot Santana, 129 D.P.R. 717, 718 (1992).

El licenciado Jiménez Román incumple, por segunda vez, su obligación de atender y responder a nuestras órdenes. La primera vez le valió una suspensión que se alargó por dos años. Al readmitirlo lo hicimos sujeto a ciertas condiciones. Sin embargo, no ha comparecido para explicar la razón de su incumplimiento con dichas condiciones. Ha optado, nuevamente, por guardar silencio ante nuestros requerimientos.

Por ello, se suspende indefinidamente al licenciado Jiménez Román del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re:*


José M. Jiménez Román                    TS-10893


*SENTENCIA*


En San Juan, Puerto Rico, a 6 de noviembre de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente al señor José M. Jiménez Román del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Rebollo López hace constar que suspendería de forma inmediata al señor José M. Jiménez Román. El Juez Asociado señor Fuster Berlingeri no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo