EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>José Rafael Servera Ramos | 2008 TSPR 26<br><br>173 DPR _____ |

Número del Caso: AB-2007-135

Fecha: 16 de enero de 2008

Colegio de Abogados de Puerto Rico:

                    Lcda. María de Lourdes Rodríguez
                    Oficial Investigadora

Materia: Conducta Profesional
      (La suspensión del abogado advino final y firme el día
      12 de febrero de 2008).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

INTEGRACIÓN DE SALA ESPECIAL

ORDEN

San Juan, Puerto Rico, a 16 de enero de 2008.

Debido a la no intervención del Juez Asociado señor Rivera Pérez y de la Juez Asociada señora Fiol Matta, se constituye una Sala Especial integrada por el Juez Presidente señor Hernández Denton, el Juez Asociado señor Rebollo López y la Juez Asociada señora Rodríguez Rodríguez, para entender en el caso Núm. AB-2007-135, *In re* José Rafael Servera Ramos.

Lo decretó y firma.

Federico Hernández Denton
Juez Presidente

CERTIFICO:

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

José Rafael Servera Ramos          AB-2007-135       Queja

Sala Especial Integrada por el Juez Presidente señor Hernández Denton, el Juez Asociado señor Rebollo López y la Juez Asociada señora Rodríguez Rodríguez

PER CURIAM

San Juan, Puerto Rico, a 16 de enero de 2008.

Resulta increíble que tengamos que ejercer nuevamente nuestra jurisdicción disciplinaria por el incumplimiento de un miembro de la profesión legal con nuestras órdenes durante el trámite de un procedimiento disciplinario.

I

El Lcdo. José R. Servera Ramos fue admitido al ejercicio de la abogacía el 11 de mayo de 1982 y al ejercicio de la notaría el 8 de junio de 1982.

El 5 de abril de 2006 se presentó ante el Colegio de Abogados de Puerto Rico una queja juramentada contra Servera Ramos. Conforme el procedimiento establecido, la Comisión de Ética del Colegio de Abogados (en adelante, Comisión de Ética) envió copia de la queja a Servera Ramos requiriendo que expresara su posición al respecto. En vista de que Servera Ramos no contestó, la Comisión de Ética le cursó una misiva concediéndole un término de diez (10) días adicionales para contestar la queja presentada en su contra.

El 14 de junio de 2006, Servera Ramos compareció y solicitó una prórroga de sesenta (60) días para contestar la queja presentada en su contra, la cual fue concedida por la Comisión de Ética. A pesar de la prórroga concedida, Servera Ramos no contestó la referida queja.

Así las cosas, el 22 de agosto de 2006, la Comisión de Ética le remitió a Servera Ramos una tercera notificación mediante la cual se le concedió un término de diez (10) días adicionales para contestar la referida queja. Se le apercibió que el no atender los requerimientos de la Comisión de Ética podía acarrear la imposición de severas sanciones disciplinarias por parte de este Tribunal. Nuevamente Servera Ramos desatendió los requerimientos de la Comisión de Ética.

En vista de ello, el 25 de octubre de 2006, la Comisión de Ética le envió una carta al abogado, en donde se le advirtió que de no recibir su contestación, la queja

sería referida a este Tribunal en un período de veinte (20) días. Finalmente, el 29 de noviembre de 2006, ante la contumaz inobservancia de Servera Ramos con los requerimientos de la Comisión de Ética, ésta le comunicó que remitiría el asunto ante este Tribunal. A estos efectos, el Colegio de Abogados compareció ante nos el 13 de abril de 2007 para solicitar nuestra intervención.

Mediante Resolución de 8 de junio de 2007, notificada personalmente por un alguacil del Tribunal, le ordenamos a Servera Ramos que respondiera los requerimientos del Colegio de Abogados y compareciera ante este Tribunal a exponer las razones por las cuales no debía ser disciplinado por no comparecer a responder tales requerimientos. Además le apercibimos que incumplir con lo ordenado podría acarrear sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

Al día de hoy, el término concedido ha transcurrido y Servera Ramos no ha comparecido ante nos, ni ante el Colegio de Abogados, en claro incumplimiento con nuestra Resolución del 8 de junio de 2007.

En vista de lo anterior, procedemos a resolver sin ulterior trámite.

II

Reiteradamente hemos resuelto que los abogados tienen la ineludible obligación de responder con diligencia a las órdenes de este Tribunal, así como a los requerimientos del Colegio de Abogados con respecto a las quejas que se

presentan en su contra. In re Rodríguez Calderón, res. el 16 de octubre de 2007, 2007 TSPR 185; In re Guede Mijares, 159 D.P.R. 396 (2003), In re Pérez Brasa, 155 D.P.R. 813 (2002). A estos efectos, hemos señalado que ignorar los requerimientos relacionados a procedimientos disciplinarios "tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este tribunal". In re Ríos Acosta, 143 D.P.R. 128, 135 (1997).

Igualmente hemos enfatizado que el incumplimiento por parte de un abogado al ignorar nuestras órdenes, así como los requerimientos del Colegio de Abogados en casos disciplinarios conlleva la imposición de severas sanciones disciplinarias. In re García Enchautegui, res. el 3 de mayo de 2005, 2005 TSPR 62; In re Torres Torregrosa, res. el 13 de enero de 2004, 2004 TSPR 9; In re Fernández Pacheco, 152 D.P.R 531 (2000).

Dicha conducta constituye una violación al Canon 9 del Código de Ética Profesional en lo relativo al deber de todo abogado de observar hacia los tribunales una conducta que se caracterice por el mayor respeto. 4 L.P.R.A. Ap. IX, C. 9. Como se sabe, tal proceder constituye una falta independiente de la que motivó la queja. In re Colón Rivera, res. el 6 de marzo de 2007, 2007 TSPR 59; In re Pagán Ayala, 130 D.P.R. 678 (1992).

En Colegio de Abogados de Puerto Rico v. Pizzini Arnott, 157 D.P.R. 182 (2002), señalamos que "[d]esatender

nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal." Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de incumplir con [nuestras] órdenes." In re Jiménez Román, res. el 6 de noviembre de 2007, 2007 TSPR 210; In re Guemárez, Santiago I, 147 D.P.R. 27, 28; In re Nicot Santana, 129 D.P.R. 717, 718 (1992).

Desafortunadamente, los miembros de la profesión legal arriesgan frecuentemente sus títulos con la actitud de dejadez y displicencia que demuestran. "En muchas más ocasiones que las deseables, simples amonestaciones se convierten en suspensiones indefinidas por la testarudez y contumacia de los abogados que no cumplen con nuestras órdenes." In re Santiago Méndez, 129 D.P.R. 696 (1997).

III

En el caso ante nos, no cabe duda que Servera Ramos ha hecho caso omiso a nuestra Resolución del 8 de junio de 2007 y a los múltiples requerimientos del Colegio de Abogados. A pesar de las **cinco oportunidades** concedidas por el Colegio de Abogados, éste las incumplió reiteradamente, de forma obstinada y contumaz. Ello a pesar de que tuvo amplia oportunidad para contestar los requerimientos ya que **transcurrió casi un año** desde la notificación de la queja hasta la última notificación cursada por la Comisión de Ética.

De igual forma, Servera Ramos se ha mostrado indiferente ante nuestra Resolución, aun cuando estaba consciente de las consecuencias disciplinarias que su conducta podía acarrear. Su proceder es desafiante y constituye una falta de respeto impermisible hacia este Tribunal, en abierta violación al estándar ético recogido en el Canon 9 de ética profesional, *supra*, y en contravención a los principios más elementales que rigen el ejercicio de la profesión. Desafortunadamente, dicha conducta refleja que a Servera Ramos no le interesa continuar ejerciendo la profesión legal.

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a Servera Ramos. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

José Rafael Servera Ramos          AB-2007-135          Queja

Sala Especial Integrada por el Juez Presidente señor Hernández Denton, el Juez Asociado señor Rebollo López y la Juez Asociada señora Rodríguez Rodríguez

SENTENCIA

San Juan, Puerto Rico, a 16 de enero de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a José R. Servera Ramos del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la

Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo