EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Francisco Radinson Caraballo | 2008 TSPR 16<br><br>173 DPR _____ |

Número del Caso: AB-2005-252

Fecha: 16 de enero de 2008

Abogado de la Parte Querellada:

Por Derecho Propio

Oficina de Inspección de Notarías:

Lcda. Lourdes I. Quintana Lloréns
Directora

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Francisco Radinson Caraballo          AB-2005-252          Queja

PER CURIAM

San Juan, Puerto Rico, a 16 de enero de 2008.

                              I.

El pasado 8 de noviembre de 2005, se presentó en la Secretaría de este Tribunal una queja en contra del Lcdo. Francisco Radinson Caraballo, quien fuera admitido al ejercicio de la abogacía el 18 de enero de 1996.  El 23 de noviembre de 2005, la Secretaría del Tribunal Supremo le envió una carta a Radinson Caraballo informándole que se había presentado en el Tribunal una queja en su contra, y requiriéndole que compareciera dentro del término de diez (10) días para contestar la queja referida.

Tras concederle varias prórrogas, Radinson Caraballo contestó la queja presentada en su contra,

la cual fue referida a la Oficina de Inspección de Notarías, en adelante ODIN, para la investigación e informe correspondiente, en cumplimiento con la Regla 14 (d) del Reglamento del Tribunal.

Posteriormente, el 7 de mayo de 2007, ODIN le requirió a Radinson Caraballo, en un término de diez (10) días, la entrega de varios documentos esenciales para la investigación. Trascurrido el término de diez (10) días, la Directora de ODIN compareció ante nos para informarnos que Radinson Caraballo no había sometido la información solicitada.

En vista de ello, el 4 de septiembre de 2007, le remitimos a Radinson Caraballo una Resolución mediante la cual se le concedió un término adicional de veinte (20) días para someter la información requerida por ODIN. En esa ocasión, se le advirtió que el incumplimiento con lo ordenado podía conllevar sanciones severas, incluyendo la suspensión de la profesión. Esta Resolución fue notificada vía telefónica a Radinson Caraballo, quien nos indicó que se lo entregáramos a su secretaria, la Sra. Awilda Molina. No obstante, Radinson Caraballo no compareció dentro del término provisto.

En vista de lo anterior, procedemos a resolver sin trámite ulterior.

## II.

Resulta verdaderamente increíble que, luego del esfuerzo que conlleva la carrera de la abogacía, se desatiendan las órdenes de este Tribunal a sabiendas que al así hacerlo se

pone en peligro el título obtenido. In re Jiménez Román, res. el 6 de noviembre de 2007, 2007 TSPR 210.

Reiteradamente hemos señalado que todo abogado tiene la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Igualmente, hemos sido enérgicos al señalar que "la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de conducta profesional." In re Rivera Colón, res. el 25 de octubre de 2007, 2007 TSPR 216. (Énfasis en el original).

A tono con lo anterior, hemos resuelto que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende diligentemente nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias. In re Rosado Ramos, res. el 30 de octubre de 2007, 2007 TSPR 201; In re Lloréns Sar, res. el 5 de febrero de 2007, 2007 TSPR 31. Dicha conducta constituye una falta separada e independiente de la que motivó la queja. In re Pagán Ayala, 130 D.P.R. 678 (1992). No cabe duda de que dicho proceder constituye un acto contumaz de indisciplina y una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9, relativo a la exigencia de respecto hacia los tribunales.

### III.

En el caso de autos, Radinson Caraballo incumplió con el ineludible deber de responder prontamente a los

requerimientos de este Tribunal. Tal como surge de los hechos expuestos, éste fue notificado –vía telefónica y por escrito– desde el mes de septiembre de nuestra Resolución solicitando el cumplimiento con las órdenes emitidas por la ODIN. No obstante, al día de hoy Radinson Caraballo no ha comparecido.

Sin duda, éste se ha mostrado reacio ante nuestras órdenes aún cuando fue apercibido de que el incumplimiento con las mismas conllevaría la imposición de sanciones disciplinarias severas. La conducta desplegada por Radinson Caraballo refleja desidia, indiferencia y falta de respeto ante nuestras órdenes, todo ello en contravención al Canon 9 de ética profesional, supra, y a los postulados éticos más elementales que rigen el ejercicio de la profesión. Precisamente, son esas las actitudes y el proceder que enfáticamente hemos rechazado de todo miembro de la profesión legal.

Conforme a lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a Radinson Caraballo. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Francisco Radinson Caraballo        AB-2005-252        Queja

SENTENCIA

San Juan, Puerto Rico, a 16 de enero de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a Francisco Radinson Caraballo del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo